## OCONEE ELECTRIC LIGHT AND POWER COMPANY
### *et al. v.* CARTER *et al.*, executors.

1. The act of December 7, 1897 (Acts 1897, p. 68), confers the power to condemn the property of others upon such corporations or individuals only as own or control any water-power in this State, or location for steam plant.    It confers no power to condemn a water-power but only to condemn rights of way or other easements upon the lands of others in order to run lines of wire, maintain dams, etc., or for other uses necessary to transmit electricity for the purpose of lighting towns or cities, or supplying motive power to railroads or street-car lines or heat or power to the public.    It confers no power to condemn an undivided interest or easement in a water-power the remainder of which is owned by the electric-light corporation which is seeking to condemn.

2. There is no general law giving electric-light companies power to condemn the private property of others.

Argued May 18, — Decided June 7, 1900.

Injunction.    Before Judge Hart.    Baldwin superior court. March 21, 1900.

*Allen & Pottle* and *John R. L. Smith*, for plaintiffs in error. *Joseph S. Turner*, contra.

SIMMONS, C. J.    It appears from the record that the Oconee Electric Light and Power Company, a corporation chartered by the superior court of Baldwin county, owned land in that county on both sides of the Oconee river, in which there is a water-power.    In one of the deeds made to the company there was a reservation of the grantors' interest in the water-power. The company gave notice to the persons reserving this interest that it intended to condemn their interest in the water-power. These persons filed an equitable petition in which they sought

to have the condemnation proceedings enjoined.   The company answered, admitting that the plaintiffs held an undivided interest or an easement in the water-power.   The trial judge granted the injunction, and the company excepted.

Whether the reservation in the deed of the plaintiffs was a reservation or an exception, it is not necessary to decide, nor whether there was reserved the soil over which the water flowed or only the force or power of the water.   We put our decision solely upon the power granted in the act of 1897 (Acts 1897, p. 68).   That act, in substance, gives the right to an electric-light company which owns or controls a water-power, or location for steam plant, to condemn rights of way or other easements over the lands of others, where it is necessary in order to carry out the purposes of its organization, to wit, to light towns or cities, supply the motive power to railroads, or supply the public with power or heat.   Under this act it is a condition precedent to the exercise of the power of eminent domain, by a company which is to run its plant by water-power, that the company shall exclusively own or control the water-power. The act does not expressly or by necessary implication give the corporation the right of eminent domain, except where it has such exclusive ownership or control.   The whole object of the act is to give to a corporation "owning or controlling" any water-power, or location for steam plant, the right to condemn rights of way, etc., upon the *lands* of others in order to be able to transmit the electricity to a place distant from that where it is generated.   It is given solely to secure a means of utilizing the water-power or location, and of transmitting the power generated.   Acts giving to corporations or individuals the right to condemn the property of others must be construed strictly; and unless the power is conferred expressly or by necessary implication, it is not conferred at all.   The legislature by this act certainly did not contemplate giving to one of two cotenants the right to condemn the interest of the other in a water-power. The act, in so far as it related to water-powers, was predicated upon the exclusive ownership or control of the water-power by the corporation or individual seeking to condemn.   The record discloses that the plaintiffs and the company were tenants in common of this water-power, one having as much right to use

it as had the other, and we are clearly of the opinion that it was not the intention of the legislature to confer upon one of two cotenants of a water-power the right to condemn the interest of the other therein. The plaintiffs, as individuals, if they had desired to erect a plant to generate electricity for public use, would have had as much right to condemn the interest of the company as had the latter to condemn theirs, if it should be held that this act applied to cases of this kind. We hold that the act does not apply, and that the company derived no power from it to condemn the interest of the plaintiffs in the water-power.

2. Other than the act just discussed, we have been able to find no act of the legislature of a general nature which confers upon an electric light and power company the right to condemn the property of others, nor have we had any such act or provision of law pointed out to us. There are, it is true, acts giving power of eminent domain to railroads, mining companies, etc., but they do not in any way apply to electric-light or power companies. As before remarked, the power can not be conferred except by express terms or necessary implication, and where it has not been so conferred, it can not be exercised. For these reasons we affirm the judgment of the trial judge, granting the injunction sought by the plaintiffs.

*Judgment affirmed. All concurring, except Fish, J., absent.*